<u>**UNPUBLISHED**</u>

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4062**

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

AMANDA DARLENE GREENE,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro. William L. Osteen, Jr., Chief District Judge. (1:15-cr-00133-WO-1)

Submitted: August 26, 2016          Decided: August 31, 2016

Before MOTZ, KING, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Eugene E. Lester, III, SHARPLESS & STAVOLA, PA, Greensboro, North Carolina, for Appellant. Eric Lloyd Iverson, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with a written plea agreement, Amanda Darlene Greene pled guilty to one count of theft of government property, 18 U.S.C. § 641 (2012). She received a within-Guidelines sentence of 12 months and one day and was ordered to pay statutorily required restitution of $162,562.40. Greene now appeals. Her attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), questioning whether the amount of loss was correctly calculated, but concluding that there are no meritorious issues for appeal. In addition, Greene has filed a pro se brief. We affirm.

We first conclude that Greene's guilty plea was knowing and voluntary. Greene stated at the Fed. R. Crim. P. 11 hearing that she was 49 years old, had a Masters degree, and was not under the influence of drugs or alcohol. She expressed complete satisfaction with her attorney's services. A factual basis for the plea was presented to the court, Greene stated that the factual basis was accurate, and she admitted her guilt. Finally, the district court substantially complied with the requirements of Fed. R. Crim. P. 11.

With respect to sentencing, the court properly calculated Greene's Guidelines range,[1] considered the 18 U.S.C. § 3553(a) (2012) factors and the arguments of the parties, and provided a sufficiently individualized assessment based on the facts of the case. We conclude that the sentence is procedurally reasonable. Additionally, given the totality of the circumstances, the sentence is substantively reasonable. See Gall v. United States, 552 U.S. 38, 51 (2007); United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Pursuant to Anders, we have reviewed the entire record and have found no meritorious issues for appeal.[2] Accordingly, we affirm Greene's conviction and sentence. We deny counsel's motion to withdraw at this time. This court requires that counsel inform Greene, in writing, of the right to petition the Supreme Court of the United States for further review. If Greene requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on

---

[1] There is no merit to Greene's contention that the amount of loss for which she was held accountable should not have included social security disability payments made during an alleged trial work period. See 20 C.F.R. § 404.471 (2015).

[2] After carefully considering Greene's pro se brief, we conclude that none of the claims raised in that brief has merit.

Greene.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED